1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SCOTT JOHNSON,

Plaintiff,

v.

PETER T. HURWICZ, et al.,

Defendants.

Case No.  5:21-cv-02027-EJD

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS ADA CLAIM;
DECLINING SUPPLEMENTAL
JURISDICTION OVER UNRUH ACT
CLAIM**

Re: Dkt. No. 16

Plaintiff Scott Johnson ("Plaintiff") initiated this suit against Defendants Peter T. Hurwicz
and Silicon Valley Auto Body, Inc. ("Defendants"), alleging violations of the Americans with
Disabilities Act ("ADA") and California's Unruh Act.  Plaintiff alleges that Defendants failed to
provide wheelchair accessible parking.  Pending before the Court is Defendants' motion to dismiss
the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter
jurisdiction.  Dkt. No. 16.  Defendants contend that the ADA claim is moot based on the
undisputed declaration and report of a Certified Access Specialist ("CASp"), which indicate that
the alleged accessibility issues have been remedied.  For the reasons stated below, the Court grants
Defendants' motion to dismiss the ADA claim and declines to exercise supplemental jurisdiction
over the Unruh Act claim.

I.      **BACKGROUND**

Plaintiff initiated this suit on March 24, 2021.  Plaintiff alleges that Defendants fail to
provide wheelchair accessible parking at Defendants' commercial auto body shop known as
Silicon Valley Auto Body & Tow, located at 327 E. Weddell Drive, Sunnyvale, California (the

1    "Facility").  The one and only barrier Plaintiff allegedly encountered is the lack of an access aisle

2    at the ADA-designated parking stall.  Defendants were served on April 18, 2021.

3         Less than a month later, on May 3, 2021, Defendants engaged a CASp, Bassam Altwal, to

4    inspect the Facility and to prepare a CASp report.  Altwal inspected the Facility and identified

5    various non-conforming features, including with the parking, exterior path of travel and front

6    entrance of the Facility.

7         On May 6, 2021, Defendants filed an answer.  On May 15, 2021, and again on May 17,

8    2021, Defendants informed Plaintiff that all barriers to access alleged in the Complaint have been

9    removed.

10        On June 3, 2021, Altwal reinspected the facility and confirmed that (1) there is ADA

11   compliant signage on the exterior path of travel; (2) the direction of travel slope of the accessible

12   route is less than 5% (4.2%); (3) there are no abrupt vertical changes greater than ¼ inch on the

13   accessible route; and (4) the accessible parking and access aisle are compliant in length, width,

14   slope and striping.  According to Altwal, the Facility's parking and exterior path of travel now

15   meet the applicable ADA Standards for Accessible Design ("ADAS") and California Building

16   Code ("CBC") requirements.

17        Further, Altwal measured and inspected the front entrance of the Facility, including the

18   new concrete at the clear floor landing area, and found them to be compliant with both the ADAS

19   and CBC.  The current landing is sloped at 1.1% (2% or less required) and the clear floor area on

20   the pull side of the door beyond the strike jamb exceeds 24" wide and 60" deep. The front door

21   pressure does not exceed 5 lbs. of pressure to operate and there is a code compliant kick plate on

22   the front door.  According to Altwal, the Facility's front entrance and front door meet the ADAS

23   and CBC requirements.  Altwal's findings are detailed in a 51-page report.  On June 16, 2021,

24   Altwal issued a Certification of Compliance for the Facility.

25        On July 9, 2021, Defendants filed the instant motion to dismiss the ADA claim as moot.

26   Plaintiff filed an opposition on July 22, 2021, and Defendants filed a reply on July 30, 2021.

27

28

Case No.: 5:21-cv-02027-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ADA CLAIM; DECLINING
SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM

United States District Court
Northern District of California

1    **II.    STANDARDS**

2          A defendant may file a Rule 12(b)(1) motion to contest a plaintiff's showing of subject

3    matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A defendant may either challenge jurisdiction

4    "factually" by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction

5    on the facts of the case or "facially" by arguing the complaint "on its face" lacks jurisdiction.

6    *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d

7    1035, 1039 (9th Cir. 2004).

8          In general, when resolving a factual attack, the district court may review evidence beyond

9    the complaint without converting the motion to dismiss into one for summary judgment.  *Safe Air*,

10   373 F.3d at 1039.  No presumptive truthfulness attaches to the plaintiff's allegations and the

11   existence of disputed material facts will not preclude the trial court from evaluating the merits of

12   jurisdictional claims.  *Gregory Vill. Partners, L.P. v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888,

13   895 (N.D. Cal. 2011).  "However, when the jurisdictional issue and the merits are 'intertwined,' or

14   when the jurisdictional question is dependent on the resolution of factual issues going to the

15   merits, the district court must apply the summary judgment standard in deciding the motion to

16   dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine v.*

17   *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).  "The question of jurisdiction and the merits

18   of an action are intertwined where a statute provides the basis for both the subject matter

19   jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for*

20   *Everyone*, 373 F.3d at 1039.

21          In this case, the question of whether there are violations of the ADA is determinative of

22   both subject matter jurisdiction and the substantive claim for relief.  The Court will therefore treat

23   the motion to dismiss for mootness as a motion for summary judgment.  *Accord Johnson v.*

24   *Barrita*, No. 18-06205 WHA, 2019 WL 931769, at *2 (N.D. Cal. Feb. 26, 2019).

25

26

27

28

III.    **DISCUSSION**

A.    **ADA Claim**

Because a private plaintiff can sue only for injunctive relief under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); se*e, e.g., Johnson v. Gallup & Whalen Santa Maria*, No. 17-CV-01191-SI, 2018 WL 2183254, at *4 (N.D. Cal. May 11, 2018) ("There can be no effective relief here, where defendants have already removed the architectural barriers that plaintiff identified in the complaint."). That is because a plaintiff only has Article III standing for injunctive relief if he can "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). The threat of future injury dissipates if the barriers to accessibility have been remediated—particularly where remediation required structural changes that are not reasonably likely to be undone. *See Johnson v. Holden*, No. 18-01624 EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020); *Ramirez v. Golden Creme Donuts*, No. 12-05656 LB, 2013 WL 6056660, at *2 (N.D. Cal. Nov. 15, 2013); *see generally Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.").

Here, Defendants have presented evidence of their voluntary remediation of the alleged barrier. Based on the evidence presented by Defendants, the Court is satisfied that the changes made at the Facility are not mere temporary fixes. Plaintiff has not rebutted or otherwise objected to the evidence submitted by Defendants. Nor has Plaintiff requested an opportunity to take jurisdictional discovery. Therefore, the Court is not required to postpone Defendants' motion. *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (finding that "the district court did not abuse its discretion in deciding the jurisdictional issue without allowing

United States District Court
Northern District of California

1    additional time for discovery" where the plaintiff neither moved to compel discovery nor

2    requested time to conduct such discovery).  Applying the summary judgment standard, the Court

3    finds that the undisputed evidence submitted by Defendants establishes that the ADA claim is

4    moot.

5           Nevertheless, Plaintiff opposes Defendants' motion on four grounds.  First, Plaintiff argues

6    that Defendants' Rule 12(b)(1) motion is untimely because an answer is already on file.  Plaintiff's

7    argument is frivolous.  A Rule 12(b)(1) motion may be made at any time.  *Arbaugh v. Y&H Corp.*,

8    546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see

9    Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any

10   stage in the litigation, even after trial and the entry of judgment.").

11          Second, Plaintiff contends that he needs time to conduct a site inspection pursuant to

12   General Order 56 to determine if other barriers at the site exist.  If other barriers are located,

13   Plaintiff intends to seek leave to amend his complaint to add all barriers.  Again, Plaintiff's

14   argument is frivolous.  General Order 56 does not preclude a defendant from filing a motion to

15   dismiss for lack of subject matter jurisdiction.  *Johnson v. 1082 El Camino Real*, No. 17-01391

16   EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018).  Moreover, the deadline to conduct the

17   site inspection in this case expired in June of 2021 without Plaintiff ever seeking a court order

18   compelling the site inspection.  Instead, Defendants filed an administrative motion to be relieved

19   from the General Order 56 requirements, which was granted as unopposed.

20          Plaintiff's reliance on *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021), is

21   misplaced.  In *Tesla*, the issue before the Ninth Circuit was whether the plaintiff had sufficiently

22   alleged a cognizable ADA claim.  The *Tesla court* held that the complaint was deficient and

23   rejected the plaintiff's argument that he was entitled to conduct discovery to fill in the gaps left by

24   his complaint.  *Id*. at 1177.

25          Third, Plaintiff contends that it is unfair to convert Defendants' motion to a summary

26   judgment motion because the case is in its earliest stages.  The argument is unpersuasive.  Plaintiff

27

28   Case No.: 5:21-cv-02027-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ADA CLAIM; DECLINING
     SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM

United States District Court
Northern District of California

1   has known since May 2021 that the alleged barriers may have been remedied.  Apparently,

2   Plaintiff has made no attempt to determine whether the barriers have been removed, despite

3   having ample time to do so.

4           Lastly, Plaintiff asks the Court to exercise supplemental over the Unruh Act claim, even if

5   the federal ADA claim is dismissed.  District courts "may"—and often do—"decline to exercise

6   supplemental jurisdiction" if, as here, they have "dismissed all claims over which it has original

7   jurisdiction."  *See*, *e.g.*, *Oliver*, 654 F.3d at 911 (quoting 28 U.S.C. § 1367(c)(3)); *Yates v. Delano*

8   *Retail Partners, LLC*, No. 10-3073 CW, 2012 WL 4944269, at *3 (N.D. Cal. Oct. 17, 2012); R.*K.,*

9   *ex rel. T.K. v. Hayward Unified Sch. Dist.*, No. C 06-07836 JSW, 2008 WL 1847221, at *2 (N.D.

10  Cal. Apr. 23, 2008).  As the Supreme Court and the Ninth Circuit have "often repeated," "in the

11  usual case in which all federal-law claims are eliminated before trial, the balance of factors will

12  point toward declining to exercise jurisdiction over the remaining state-law claims."  *Acri v.*

13  *Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie–Mellon University v.*

14  *Cohill*, 484 U.S. 343, 350 n. 7 (1988) (alterations omitted)).

15          More recently, the Ninth Circuit considered whether a court should exercise supplemental

16  jurisdiction over an Unruh Act claim after granting the plaintiff summary judgment on the ADA

17  claim.  *See Arroyo v. Rojas*, 19 F.4th 1202 (9th Cir. 2021).  In *Arroyo*, the Ninth Circuit noted that

18  under the Unruh Act, the California legislature chose to "impose filing restrictions designed to

19  address [the concern that] high-frequency litigants may be using the statute to obtain monetary

20  relief for themselves without accompanying adjustments to locations to assure accessibility to

21  others."  *Id*. at 1211–12.  These restrictions include requiring "high-frequency litigants" to pay an

22  additional $1,000 filing fee and disclose how many complaints they have filed in the last year, the

23  reason the plaintiff was in the geographic area of defendant's business, and why plaintiff desired

24  to access the business.  *See id*. at 1207–08.  The apparent result of these restrictions has been the

25  shifting of Unruh Act/ADA cases into federal court.  *See id*. at 1212.  The Ninth Circuit observed

26  that as a result of this shifting of cases into federal courts, the California Legislature's goal of

27

28

United States District Court
Northern District of California

1    "simultaneously providing damages relief for ADA violations while 'limit[ing] the financial

2    burdens California's businesses may face for statutory damages'" has been undermined.  *Id*. at

3    1212–13. Thus, the Ninth Circuit instructed that district courts should consider "on a case-by-case

4    basis" whether to decline supplemental jurisdiction over Unruh Act claims.  *Id*. at 1205.

5          Plaintiff has not shown that this is other than the "usual case."  As the Court has not

6    considered the merits of the Unruh Act claim, there is no interest in judicial economy in retaining

7    the case.  Nor has Plaintiff articulated any significant inconvenience that he would face in refiling

8    in state court.  The Court will, therefore, decline to exercise supplemental jurisdiction over

9    Plaintiff's Unruh Act and dismiss it without prejudice.

10   **IV.   CONCLUSION**

11         Defendants' motion to dismiss the ADA claim is GRANTED.  The ADA claim is

12   dismissed as moot.  The Court declines to exercise supplemental jurisdiction over the remaining

13   Unruh Act claim.  Accordingly, the Unruh Act claim is dismissed without prejudice to refile the

14   claim in state court.

15

16         **IT IS SO ORDERED.**

17   Dated:  February __, 2022

18

19                                          _____

20                                          EDWARD J. DAVILA
                                            United States District Judge
21

22

23

24

25

26

27
     Case No.: 5:21-cv-02027-EJD
28   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ADA CLAIM; DECLINING
     SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM
                                            7

United States District Court
Northern District of California